UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No. 8:22-cr-217-VMC-CPT

CLEATE WILSON

_______________________________/

# ORDER

This matter comes before the Court pursuant to Defendant Cleate Wilson's Opposed Motion for Sentence Reduction Under Amendment 821 (Doc. # 66), filed on September 21, 2026. The Government responded on October 5, 2026. (Doc. # 68). For the reasons set forth below, the Motion is denied.

## I. Background

In October 2022, Defendant Cleate Wilson pled guilty to one count of Knowingly and Forcibly Assaulting, Intimidating, or Interfering with a Federal Employee While in the Performance of their Official Duties, in violation of 18 U.S.C. § 111(a)(1), and one count of Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. ## 1, 33, 34). The Court sentenced Mr. Wilson to a 78-month term of imprisonment, followed by three years of supervised release. (Doc. ## 41, 42). Because Mr. Wilson committed these offenses while on

supervised release for a prior federal conviction, the Court ordered that the term of imprisonment imposed was to be served consecutively with the term of imprisonment imposed pursuant to the preexisting judgment against him. (Doc. ## 41, 42).

On June 13, 2025, the United States Probation Office, acting in accordance with the Middle District of Florida's administrative order implementing Amendment 821 (Doc. # 115 in No. 3:21-mc-1-TJC), submitted a memorandum stating that Mr. Wilson is eligible for a reduction in sentence. (Doc. # 63). Specifically, he was "assessed two status points under USSG § 4A1.1(d) (now § 4A1.1(e)) and would no longer be assessed status points under the amended guideline." (Id. at 2). "[T]he reduction of status points would reduce [Mr. Wilson]'s Criminal History Category and result in a lower applicable guideline range." (Id.). Thus, Mr. Wilson "received a sentence that was higher than the minimum of the amended guideline range." (Id.).

The Office of the Federal Defender has confirmed Mr. Wilson's eligibility for a reduction and moves the Court to reduce his sentence proportionately, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines. (Doc. # 66). The Government has responded in opposition (Doc. # 68), and the Motion is now ripe for review.

## II. Discussion

While "[t]he district court must consider the advisory guidelines range in making the sentencing decision," the guidelines are "only one of a dozen or so factors that the court must take into account." United States v. Rosales-Bruno, 789 F.3d 1249, 1258 (11th Cir. 2015) (citing United States v. Booker, 543 U.S. 220, 245 (2005); 18 U.S.C. § 3553(a)); see also Gall v. United States, 552 U.S. 38, 49–50 (2007) ("The Guidelines are not the only consideration. . . . Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party."). "The fact that the advisory guidelines were recently lowered does not mean, as some assume, that a defendant sentenced under those advisory guidelines is automatically entitled to have his sentence reduced." United States v. Velasquez, No. 8:18-cr-451-TPB-SPF, 2025 WL 1555131, at *1 (M.D. Fla. June 2, 2025).

The Government argues that the Motion should be denied on account of Mr. Wilson's lengthy criminal history, which demonstrates a "persistent pattern of drug and firearm

offenses, repeated violations of supervision, and escalating disregard for the law." (Doc. # 68 at 1). The Court agrees.

Mr. Wilson now has a total of three federal convictions. (Doc. # 38 at 11-13). While on supervised release, he has exhibited a record of noncompliance, including a history of testing positive for marijuana despite verbal reprimands by the Probation Office, and, on one occasion, the admitted possession of a contraband device which he attempted to use to "submit a fraudulent urinalysis sample." (Id. at 13). Worse yet, Mr. Wilson committed the instant offense while on a term of supervised release for a prior federal conviction. (Id. at 4-5). For this reason, the Court ordered that the term of imprisonment imposed as to the instant offense was to be served consecutively with the term of imprisonment imposed pursuant to the preexisting judgment against Mr. Wilson. (Doc. ## 41, 42).

The Government further argues that the requested reduction would not "promote respect for the law, or protect the public." (Doc. # 68 at 5). The Court agrees as to this point as well. Mr. Wilson created a substantial risk of bodily harm when he was involved in a four-minute struggle with multiple Deputy United States Marshals, during which he "tried to roll on his back to fight, continued to snatch his

hands away, and reached for his waist area," where a loaded, stolen firearm was located. (Doc. # 38 at 5). This not only endangered the United States Marshals, but also could have endangered innocent bystanders.

Under the facts of this particular case, the Court thereby exercises its discretion to deny the requested reduction. This discretion is guided by the sentencing factors enunciated in 18 U.S.C. § 3553(a).

The Court commends Mr. Wilson for his discipline-free record while housed in the Bureau of Prisons, and for the more than 1,500 hours of educational programming he has completed. (Doc. # 66 at 4-5). However, given the nature and circumstances of the instant offense, and the public safety concerns implicated, the Court agrees with the United States that a reduction in Mr. Wilson's sentence is not warranted at this time.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED:**

Defendant Cleate Wilson's Opposed Motion for Sentence Reduction Under Amendment 821 (Doc. # 66) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of November, 2026.

Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE